This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, overruling the motion to vacate a void judgment filed by defendant-appellant, Guillaume Chism.
On October 11, 1988, the Mahoning County Grand Jury indicted appellant on four counts of aggravated murder in violation of R.C. 2903.01 (A), two counts of aggravated robbery in violation of R.C. 2911.01 (A) (1) and two counts of attempted aggravated murder in violation of R.C. 2923.02 (A) and 2903.01 (A), along with firearm specifications as to each count. Following a jury trial, appellant was convicted of two counts of aggravated robbery and one count of attempted aggravated murder. On December 6, 1989, the trial court sentenced appellant to an indefinite incarceration term of not less than ten years nor more than twenty-five years for each aggravated robbery count; an indefinite incarceration term of not less than seven years nor more than twenty-five years for attempted aggravated murder; and, an actual, definite incarceration term of three years on each firearm specification, to be served consecutively to the within sentences on the underlying charges. On July 2, 1992, this court affirmed appellant's conviction but modified his sentence.
On May 26, 1998 appellant filed a motion to vacate a void judgment. The trial court overruled said motion on June 5, 1998. It is from this decision that the within appeal emanates.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ABUSED IT'S DISCRETION AND PREJUDICED PETITIONER WHEN IT FAILED TO GIVE PETITIONER A FAIR ADJUDICATION OF THE ALLEGATIONS PLACED IN ISSUE."
Appellant argues that his indictment was allegedly void since neither of the two eyewitnesses to the crime testified before the grand jury. Appellant avers that as a result there could be no grand jury votes to support his indictment. Appellant is essentially complaining that the failure of said eyewitnesses to testify before the grand jury rendered his indictment void and therefore, the trial court's decision to overrule his motion to vacate constituted plain error which cannot be waived. (See Statev. Long (1978), 53 Ohio St.2d 91). A similar issue was addressed by the Ohio Supreme Court in State v. Brown (1988), 38 Ohio St.3d 305,308, wherein it was held that the fact no one was subpoenaed did not necessarily mean that no one testified before the grand jury. Brown further emphasized that the Rules of Evidence do not apply to grand jury proceedings. Appellant also claims that res judicata was not applicable since the trial court allegedly never had in personam jurisdiction.
Plaintiff-appellee, State of Ohio, replies that appellant failed to act in a timely manner and such inaction was fatal to his claim.
 "When the sufficiency of the indictment is not raised upon trial, the indictment must be held sufficient unless so defective that it does not by any reasonable construction, charge the offense for which defendant was convicted." State v. Stone (1971), 30 Ohio App.2d 49, 56.
In fact, R.C. 2941.08 specifically provides:
 "An indictment or information is not made invalid, and the trial, judgment, or other proceedings stayed, arrested or affected:
"* * *
 "(K) For other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits."
R.C. 2945.83 further provides, in pertinent part:
 "No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:
 "An inaccuracy or imperfection in the indictment, * * *, provided that the charge is sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him;
"* * *
 "(E) * * * unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial."
Appellant failed to raise any issue of prejudice before the trial court and also failed to claim that the indictment was insufficient to apprise him of the charges. The record clearly indicates that appellant was convicted in 1989 and failed to raise any issue in regard to his indictment until 1998. Crim.R. 12 (B) (2) specifically mandates that "objections based upon defects in the indictment" must be raised before trial. Crim.R. 12 (G) further holds that the failure to raise such objection results in a waiver of the objection. In State v. Frazier (1995),73 Ohio St.3d 323, 332, the Ohio Supreme Court stated that pursuant to Crim.R. 12 (B) (2), any objections to an indictment must be brought before trial, not after the prosecution finishes its case-in-chief. Therefore, other than plain error, a defendant waives any argument concerning the validity of the indictment if such argument is not raised before trial. In fact, Frazier, supra
at 332 cited to Russell v. United States (1962), 369 U.S. 749, wherein the United States Supreme Court set out two criteria by which the sufficiency of an indictment is to be determined: (1) whether the indictment contained the elements of the offense charged; and, (2) whether the indictment sufficiently apprised a defendant of the charges against him.
Appellant claims his constitutional right to due process was violated due to an alleged lack of a vote record, pursuant to the Ohio Constitution Article I, Section 10. This court has previously determined that "[i]t is a well established rule that a constitutional argument cannot be raised for the first time on appeal." Howard v. Seidler (Dec. 4, 1996), Mahoning App. No. 94-CA-70, unreported, citing to State v. Smith (1991),61 Ohio St.3d 284. Although a motion to dismiss due to grand jury irregularity was filed in this case, in addition to several other motions to inspect the grand jury records, appellant failed to raise any question of error with regards to the rulings on those motions in his direct appeal. This court has held that "[e]ven apro se appellant must take some affirmative action to protect his rights in a timely manner." State v. Boles (May 5, 1998), Belmont App. No. 97-BA-16, unreported. Due to the untimeliness of appellant's motion to vacate a void judgment, the trial court used proper discretion in overruling same.
Appellant did not timely challenge any issues in regard to his indictment. It is well settled that the failure to present and argue error before the trial court results in a waiver of such issue on appeal. State v. Williams (1996), 74 Ohio St.3d 569,579. Said concept holds true "even if the error alleged is constitutional." Wooster v. Graines (1990), 52 Ohio St.3d 180,185 The failure to raise issues in the trial court and on appeal results in a "deviation from this state's orderly procedure and therefore need not be heard for the first time on appeal." State v. Smith (1991), 61 Ohio St.3d 284, 293. The issue of the voidness of the indictment could have or should have been raised at trial or upon direct appeal from appellant's conviction. (See also, State v. Perry (1967), 10 Ohio St.2d 175).
Even assuming arguendo that appellant's motion to vacate was found to be timely, such a motion would be properly denied by the trial court if res judicata applied. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial." Perry,supra at 180. Because appellant already presented this court with a direct appeal in which he could have addressed his claim, resjudicata applies. Appellant was aware of any alleged deficiency in the grand jury votes prior to his direct appeal. On February 7, 1989, appellant moved to inspect the grand jury proceedings, hence demonstrating his prior knowledge. Appellant could have and should have raised his present claim on his direct appeal.
Plain error is the only exception to the res judicata bar as plain errors are not waivable. State v. Stojetz (1999),84 Ohio St.3d 452. However, "[t]he plain error rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice." Long, supra at 95. An error does not constitute a plain error "unless, but for the error, the outcome of the trial clearly would have been otherwise." Long, supra at 97.
Before we may disturb the trial court's decision overruling appellant's motion to vacate a void judgment, we must find an abuse of discretion. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151. Our independent review of the record does not reveal any attitude by the trial court that was unreasonable, arbitrary, or unconscionable.
For the reasons sets forth above, we find that the trial court properly overruled appellant's motion to vacate a void judgment and res judicata bars the pursuit of this claim.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., Vukovich, J., concurs.
APPROVED:
 __________________________________ EDWARD A. COX, PRESIDING JUDGE